NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
3111 Camino Del Rio North, Ste. 400
San Diego, CA 92108
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOTU J. LEVU,<br><br>              Plaintiff,<br><br>      v.<br><br>PLAZA SERVICES, LLC,<br><br>              Defendant. | Case No. **'19CV1840 W    AGS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes FOTU J. LEVU ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of PLAZA SERVICES, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Southern District of California.

## PARTIES

4. Plaintiff is a 31 year old consumer residing in Oceanside, California, which is located within the Southern District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collector and debt purchaser holding itself out as an "accounts receivable portfolio investment firm" that "manages, and services acquired accounts."[1] Defendant is a limited liability company organized under the laws of the state of South Dakota with its principal place of business located at 110 Hammond Drive, Suite 110, Atlanta, Georgia.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject consumer debt") said to be owed by Plaintiff.

---

[1] https://plazaservicesllc.com/about-plaza-services/

10. The subject debt stems from a personal loan Plaintiff received from Check n' Go, which was used by Plaintiff for his personal purposes.

11. Upon information and belief, after Plaintiff defaulted on his purported obligation on the subject debt, the subject debt was purchased by Defendant, who in turn initiated collection efforts against Plaintiff.

12. Defendant hired and utilized an entity referred to as "Kaplan, Greenburg and Associates, LLC" ("Kaplan") in order to attempt to collect the subject debt from Plaintiff.

13. On or about September 18, 2019, Kaplan placed a phone call to Plaintiff's mother, Sapai Levu, in an effort to reach Plaintiff.

14. Kaplan used the phone number (844) 328-1554 when contacting Plaintiff's mother

15. During this phone call, Kaplan stated that Plaintiff owed the subject debt, and further provided extensive information, including amount and account information, about the subject debt to Plaintiff's mother.

16. Plaintiff's mother has no connection with the subject debt, and Kaplan had no reason to contact Plaintiff's mother in connection with its debt collection efforts.

17. Plaintiff's mother subsequently told Plaintiff about the nature of the phone call she received from Kaplan.

18. Feeling embarrassed that his mother had been told sensitive personal and financial information, Plaintiff contacted Kaplan in order to set up a payment arrangement, in hopes of avoiding similar further embarrassment down the line.

19. After Plaintiff entered into a payment arrangement with Kaplan, Kaplan sent Plaintiff, via electronic mail, a collection letter outlining the nature of the payment arrangement.

20. The collection letter identified Check n' Go as the original creditor of the subject debt, and further identified Defendant as the current creditor of the subject debt.

3

21. Defendant, as the purchaser and current owner of the subject debt, is both directly liable for its role in the collection efforts directed towards Plaintiff, as well as vicariously liable for the actions of its agent, Kaplan.

22. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

23. Plaintiff has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

24. Additionally, Plaintiff has suffered concrete harm in the form of invasion of privacy, embarrassment that comes with the inappropriate disclosure of sensitive financial information, and emotional distress stemming from the actions of Defendant and its agent.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

29. As a debt collector owning the subject debt, Defendant is not only directly liable for the conduct complained of herein, but is further vicariously liable for the actions of Kaplan that were directed towards Plaintiff and his family member.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692b(2) and c(b)**

31. The FDCPA, pursuant to § 1692b, governs what debt collectors must do when placing phone calls to any person other than the consumer. Under 15 U.S.C. § 1692b(2), when calling a party other than the consumer, a debt collector must "not state that such consumer owes any debt." Furthermore, pursuant to 15 U.S.C. § 1692c(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

32. Defendant violated § 1692b(2) when Kaplan contacted Plaintiff's mother and divulged that Plaintiff owed the subject debt. By virtue of providing this information to Plaintiff's mother, Defendant's agent caused Plaintiff to be significantly embarrassed and distressed that his private information was disclosed to a third party.

33. Defendant further violated § 1692c(b) by communicating with a person other than Plaintiff regarding the subject debt absent Plaintiff's consent.

    **b.  Violations of FDCPA §1692d**

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Defendant violated § 1692d through Kaplan's communication efforts directed towards Plaintiff's mother. By virtue of contacting a third party with no connection to the subject debt and disclosing information regarding the subject debt, Defendant engaged in conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff. Defendant's agent contacted Plaintiff's mother in the manner it did in an effort to put additional pressure on Plaintiff to address the subject debt, hoping that the embarrassment Plaintiff felt by virtue of a third party acquiring knowledge about his financial situation would compel Plaintiff to more readily address the subject

5

debt. Defendant's actions achieved their desired result, as Plaintiff agreed to make payment on the subject debt in order to avoid further embarrassment at the hands of Defendant and its agent.

WHEREFORE, Plaintiff, FOTU J. LEVU, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   a. **Violations of RFDCPA § 1788.17**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

41. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692b, c, and d of the FDCPA. Defendant engaged

in harassing and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

42. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, FOTU J. LEVU, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: September 25, 2019            Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
3111 Camino Del Rio North, Ste. 400
San Diego, CA 92108
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com